# JUDGE BUCHWALD 08 CV 6310

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD R. KURC,

                           Plaintiff,

- against -

MEL S. HARRIS AND ASSOCIATES, LLC,

                           Defendant.

ECF Case

Jury Trial Demanded

COMPLAINT

Case No.



Plaintiff, by and through his undersigned attorney, alleges upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, and brings this Complaint against the above-named Defendant, and in support thereof alleges the following:

## PRELIMINARY STATEMENT

1.     This is an action for statutory damages, costs and attorney's fees brought by the Plaintiff, Richard R. Kurc ("Plaintiff"), an individual consumer, against the Defendant, Mel S. Harris and Associates, LLC ("Defendant"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION

2.     Jurisdiction of the Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.     This court has supplemental jurisdiction over any state law causes of action pursuant to 28 U.S.C. § 1367(a).

4.     Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

5.      The Plaintiff, Richard R. Kurc, is a natural person residing in New York County, New York.  The Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Based upon information and belief, the Defendant, Mel S. Harris and Associates, LLC, is a New York limited liability company with its principal place of business at 5 Hanover Square, 8th Floor, New York, NY 10004.

7.      The Defendant is a law firm engaged in the business of collecting debts.  The Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.      On or about June 20, 2008, the Defendant, in an attempt to collect a consumer debt, restrained the Plaintiff's checking account at Bank of America as a result of a judgment that the Defendant purportedly obtained against him in the Civil Court of the City of New York, County of New York ("New York Civil Court").

9.      Prior to having his bank account restrained, the Plaintiff was unaware that the Defendant had initiated a lawsuit against him in New York Civil Court.

10.      After finding out that his bank account had been restrained, the Plaintiff obtained a copy of the Affidavit of Service that the Defendant filed with the New York Civil Court wherein the Defendant's agent swore under oath that he served the Plaintiff with a copy of the summons and complaint.  (A copy of the Affidavit of Service is attached as Exhibit "A").

11.      The Affidavit of Service, sworn to under oath by the Defendant's agent, Barry German ("German"), contains false statements.

12.     German claims that on January 28, 2008 at 9:50 a.m. at 75 Leonard St. #SNW, New York, NY he served the Plaintiff with the summons and complaint by delivering a copy of the summons and complaint to his co-tenant, Susan "Smith".

13.     The Plaintiff has not lived at 75 Leonard St, New York, NY since September, 2002.

14.     Furthermore, the Plaintiff has never had a co-tenant and has never shared an apartment with Susan "Smith".

15.     Based upon information and belief, there is nobody named "Susan" that lived at 75 Leonard Street on January 28, 2008.

16.     Although the Plaintiff was not served with the summons and complaint, the Defendant filed an Affidavit of Service with the New York Civil Court representing that the Plaintiff had been served.

17.     Based on the false representations contained in the Affidavit of Service, the Defendant obtained a default judgment against the Plaintiff.

18.     Thereafter, the Defendant restrained the Plaintiff's bank account.

19.     As a result of the Defendant's conduct, the Plaintiff has suffered actual damages.

<u>**COUNT I**</u>

20.     The Plaintiff restates and reiterates herein all previous paragraphs.

21.     The Defendant violated the FDCPA by filing an Affidavit of Service that contained false representations with the New York Civil Court.

22.     The Defendant's conduct violated the FDCPA because the use of false representations in order to collect a debt is prohibited by 15 U.S.C. § 1692(e)(10).

23.    The Defendant's conduct violated the FDCPA because the Defendant engaged in unfair or unconscionable conduct in order to collect a debt as prohibited by 15 U.S.C. §1692f;

24.    As a result of the foregoing violations of the FDCPA, the Defendant is liable to the Plaintiff for statutory damages, actual damages, costs and attorney's fees.

## COUNT II

25.    The Plaintiff restates and reiterates herein all previous paragraphs.

26.    The Defendant violated the FDCPA by restraining the Plaintiff's checking account in violation of 15 U.S.C. § 1692(e)(10);

27.    Restraining the Plaintiff's checking account violated the FDCPA because the Defendant engaged in unfair or unconscionable means to collect a debt in violation of 15 U.S.C. §1692f;

28.    As a result of the foregoing violation of the FDCPA, the Defendant is liable to the Plaintiff for statutory damages, actual damages, costs and attorney's fees.

## COUNT III

29.    The Plaintiff restates and reiterates herein all previous paragraphs.

30.    New York GBL § 349 prohibits deceptive acts or practices in the conduct of any business trade or commerce or in the furnishing of any service in New York State.

31.    Making false statements regarding service of process in order to collect a debt is deceptive and misleading in a material respect.

32.    Filing a false Affidavit of Service in Civil Court in order to collect a debt is deceptive and misleading in a material respect.

33.    As a result of the Defendants' deceptive and misleading acts the Plaintiff has been injured.

4

34.    Defendants' acts and practices described above are likely to mislead a reasonable consumer acting reasonably under the circumstances.

**WHEREFORE**, the Plaintiff respectfully requests that judgment be entered against the Defendant for the following:

A.    Actual damages;

B.    Statutory damages pursuant to U.S.C. § 1692k;

C.    Statutory damages pursuant to GBL § 349;

D.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1692k and GBL § 349; and

D.    For such other and further relief as the Court may deem just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated: New York, New York
         July 10, 2008

                                Respectfully submitted,

                                RANDALL S. NEWMAN, P.C.

By:    _Randall S. Newman_
                                Randall S. Newman, Esq. (RN7862)
                                40 Wall Street, 61st Floor
                                New York, NY  10005
                                Tel: (212) 797-3737

                                *Attorney for Plaintiff,*
                                *Richard R. Kurc*

# EXHIBIT A

 **ORIGINAL**



## *Affidavit of Service*

CIVIL COURT OF THE CITY OF NEW YORK - COUNTY OF NEW YORK
District: NEW YORK
Part:

|  | |
|---|---|
| PLAINTIFF(s)/ PETITIONER(s) | Attorney: MSHAA |
| | File No: 818224-1 |
| LR CREDIT 15, LLC | Mortgage: |
| | Internal ID: 10251 |
| - against - | |
| | DEFENDANT(s)/ **Index: 004687** |
| RICHARD R KURC | RESPONDENT(s) **CVN-08** |
| | S&C Filed: 01/22/2008 |

STATE OF NEW YORK: COUNTY OF NASSAU: ss:

BARRY GERMAN, BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 01/28/2008 at 09:50 AM at 75 LEONARD ST SNW, NEW YORK, NY 10013, deponent served the within Summons and Complaint bearing index Number and Filing Date endorsed thereon on RICHARD R KURC defendant therein named.

[ ] **SUITABLE AGE PERSON**  By delivering 1 true copy(s) thereof to and leaving with SUSAN "SMITH",CO-TENANT, a person of suitable age and discretion at the above address, the said premises being the defendant-respondents dwelling place within the State of New York.

[ ] **MAILING**  Deponent completed service under the last two sections by depositing 1 copy(s) of the above described papers in a post paid, properly addressed envelope in an official depository under the exclusive care and custody of the United States Post Office in the State of New York, on 02/04/2008 addressed to the defendant(s) served to the above address with the envelope bearing the legend 'PERSONAL AND CONFIDENTIAL' and did not indicate on the outside thereof that the communication was from an attorney or concerned an action against the defendant(s).

**DEPONENT DESCRIBES THE INDIVIDUAL AS FOLLOWS:**

| Sex: Female | Approx. Age: 40 to 49 yrs | Approx. Height: 5-8 to 5-11 ft | Approx. Weight: 150 to 174 lbs | Color of Skin: White | Color of Hair: Blonde |
|---|---|---|---|---|---|

Other:    REFUSED LAST NAME.

[ ] Deponent asked the indicated person whether the defendant and/or present occupant was presently in the military service of the United States Government or on active duty in the military service in State of New York or a dependant of anybody in the military and was told defendant and/or present occupant was not.

Sworn to before me on: 02/04/2008

ANTHONY J BARONE
Notary Public, State of NEW YORK
No. 01BA4801103
Qualified in NASSAU
Commission expires 2/28/2010

BARRY GERMAN
license no: 0982866